1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

KENNETH WAYNE ELLER,

Plaintiff,

Case No. 19-06886 BLF (PR)

12

v.

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

13
14

TOM ALMOND, Sherriff,

15

Defendant.

16
17
18

Plaintiff, who appears to be a pretrial detainee currently being held at the

19

Mendocino County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. §

20

1983 against Sheriff Tom Almond of Mendocino County. Dkt No. 1, "Compl." Plaintiff's

21

motion for leave to proceed *in forma pauperis* shall be addressed in a separate order.

22

**DISCUSSION**

23

**A.    Standard of Review**

24

A federal court must conduct a preliminary screening in any case in which a

25

prisoner seeks redress from a governmental entity or officer or employee of a

26

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

27

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

28

upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    Plaintiff's Claims

Plaintiff claims that on September 6, 2019, he was arrested, and that he spent several days in a cold hard holding cell without socks or shoes and in a jumpsuit that was too big. Compl. at 3. Plaintiff claims he was refused medical treatment and no shower, among other things. *Id.* He was then placed in a medical observation cell with no food or access to a doctor after complaining of cramps and constipation. *Id.* It was at least two weeks before he was seen by a nurse who then gave him stool softener. *Id.* Plaintiff states that he is "not asking for any money," but does not describe what type of relief he is seeking. *Id.*

When a pretrial detainee[1] challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Here, even if we assume that the alleged conditions – several days in a cold cell without shoes and socks – amount to punishment, Plaintiff fails to show that the named defendant, Sheriff Almond, was responsible. Nowhere in statement of claim does Plaintiff mention Sheriff Almond by name, or any individual in fact, nor is there any indication that Sheriff

---

[1] There is an important distinction between the status of an arrestee and a pretrial detainee. An arrestee has not yet undergone the judicial determination of probable cause that has been applied to the pretrial detainee. *See Carlo v. City of Chino*, 105 F.3d 493, 499-500 (9th Cir. 1997). An arrestee, therefore, "is entitled at least to the protections afforded pretrial detainees." *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1485 (9th Cir.) (emphasis in original), *cert. denied*, 510 U.S. 991 (1993).

Almond is liable in a supervisory capacity.[2]  Plaintiff shall be given leave to file an amended complaint to attempt to set forth sufficient facts to state a Fourteenth Amendment claim against Sheriff Almond or any other specific individual.

Plaintiff also alleges that he was denied medical treatment for the first few days he was being held, and that he did not have access to a doctor or nurse for at least two weeks. A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment.  See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).  The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.  With regard to the third element, the defendant's conduct must be objectively unreasonable -- "a test that will necessarily turn[] on the facts and circumstances of each particular care."  Id. (citations and internal quotation marks omitted).  The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent --something akin to reckless disregard.  Id.  Here, Plaintiff fails to explain how Defendant Sheriff Almond was responsible for the denial of medical treatment.  In

---

[2] A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).  However, under no circumstances is there respondeat superior liability under section 1983.  Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

1    filing an amended complaint, Plaintiff may attempt to set forth sufficient factual

2    allegations to establish a denial of adequate medical treatment under the Fourteenth

3    Amendment against Sheriff Almond or a newly named defendant.

4        Lastly, Plaintiff fails to set forth an adequate form or relief. He simply states that he

5    is "not asking for money." Compl. at 2. The instructions for "Relief" state that he must

6    "[s]tate briefly exactly what you want the court to do for you." (Coml. at 3.) Plaintiff

7    must include an explanation as to what form of relief he seeks in order for this action to

8    proceed against any defendant.

9        In preparing an amended complaint, Plaintiff should keep the following principles

10   in mind. Liability may be imposed on an individual defendant under § 1983 only if

11   Plaintiff can show that the defendant proximately caused the deprivation of a federally

12   protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of*

13   *Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a

14   constitutional right within the meaning of section 1983 if he does an affirmative act,

15   participates in another's affirmative act or omits to perform an act which he is legally

16   required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844

17   F.2d at 633. Accordingly, Plaintiff must allege sufficient facts describing each named

18   defendant's actions or failure to act that caused the violation of his constitutional rights.

19

20                              **CONCLUSION**

21       For the reasons state above, the Court orders as follows:

22       The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28)**

23   **days** from the date this order is filed, Plaintiff shall file an amended complaint using the

24   court's form complaint. The amended complaint must include the caption and civil case

25   number used in this order, i.e., Case No. C 19-06886 BLF (PR), and the words

26   "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on

27   the form in order for the action to proceed. Plaintiff is reminded that the amended

28                                       4

1    complaint supersedes the original, and Plaintiff may not make references to the original

2    complaint.  Claims not included in the amended complaint are no longer claims and

3    defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

5          **Failure to respond in accordance with this order by filing an amended**

6    **complaint in the time provided will result in the dismissal of this action without**

7    **prejudice and without further notice to Plaintiff.**

8          The Clerk shall include two copies of the court's form complaint with a copy of this

9    order to Plaintiff.

10         **IT IS SO ORDERED.**

11   **Dated:  _March 17, 2020_____**

                                        BETH LABSON FREEMAN
12                                           United States District Judge